# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| JOHNNIE MARENE THOMAS,<br><br>      Plaintiff,<br><br>v.<br><br>JUDGE ROBERT C. SWEATT, JR., in his individual and personal capacity,<br><br>      Defendant. | CV 2:22-139 |

## ORDER

Before the Court is a motion to dismiss filed by Defendant Robert Sweatt, Jr.  Dkt. No. 4.  Also before the Court are a motion for default judgment and motion for oral argument filed by Plaintiff Johnnie Thomas.  Dkt. No. 6.  The motions are ripe for review.

## BACKGROUND

Plaintiff initiated this action on December 7, 2022, alleging that Defendant, a probate judge in Camden County, Georgia, violated her Fourteenth Amendment Due Process rights when Defendant denied Plaintiff "equal share of [her] Mother's Estate."  Dkt. No. 1 at 1-2.  Plaintiff seeks $50,000,000.00 in damages.  Id. at 3.  Attached to Plaintiff's complaint is a Final Order issued by Defendant in Camden County Probate Court addressing issues related to Plaintiff's mother's estate.  Id. at 5.

**LEGAL AUTHORITY**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well pleaded allegations of the complaint as true and views them in the light most favorable to the non-moving party. Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1356 (11th Cir. 1998). "A complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002) ("If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint.").

**DISCUSSION**

In his motion to dismiss, Defendant argues, *inter alia*, that Plaintiff's claims are barred by judicial immunity. Dkt. No. 4 at 2-3.

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (quotation marks omitted) (quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Simmons v. Conger, 86 F.3d 1080, 1084-85

(11th Cir. 1996)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Id. (citing Stump, 435 U.S. at 356).

"[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him." Stump, 435 U.S. at 356.

In Georgia,

> Probate courts have authority, unless otherwise provided by law, to exercise original, exclusive, and general jurisdiction of the following subject matters:
>
> (1)  The probate of wills;
>
> (2)  The granting of letters testamentary and of administration and the repeal or revocation of the same;
>
> (3)  All controversies in relation to the right of executorship or administration;
>
> (4)  The sale and disposition of the property belonging to, and the distribution of, deceased persons' estates;
>
> (5)  The appointment and removal of guardians of minors, conservators of minors, guardians of incapacitated adults, and conservators of incapacitated adults and persons who are incompetent because of mental illness or intellectual disability;
>
> (6)  All controversies as to the right of guardianship and conservatorship, except that the probate court shall not be an appropriate court to take action under Code Section 19-7-4;
>
> (7)  The auditing and passing of returns of all executors, administrators, guardians of property, conservators, and guardians;

> (8) The discharge of former sureties and the requiring of new sureties from administrators, guardians of property, conservators, and guardians;
>
> (9) All matters as may be conferred on them by Chapter 3 of Title 37;
>
> (10) All matters as may be conferred on them by Chapter 13 of Title 53;
>
> (11) All other matters and things as appertain or relate to estates of deceased persons and to persons who are incompetent because of mental illness or intellectual disability; and
>
> (12) All matters as may be conferred on them by the Constitution and laws.

O.C.G.A. § 15-9-30.

It is clear from the complaint that Plaintiff's perceived Due Process claim arises from actions Defendant took pursuant to his authority as a Georgia probate judge. Thus, the inquiry is whether, at the time Defendant took the action regarding Plaintiff's late mother's estate, he had jurisdiction over the subject matter before him. Stump, 435 U.S. at 356.

Aside from Plaintiff's blanket assertion that Defendant "act[ed] without jurisdiction," dkt. no. 1 at 2, Plaintiff alleges no facts to show Defendant performed any action without having subject matter jurisdiction. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (entitlement to relief requires more than labels and conclusions). Indeed, the Final Order Plaintiff attaches to her complaint evidences Defendant's disposition of assets belonging to Plaintiff's deceased mother, actions a probate

4

judge is clearly authorized to conduct pursuant to O.C.G.A. § 15-9-30. Because Plaintiff alleges no facts to show Defendant acted without subject matter jurisdiction, Plaintiff's Due Process claim for damages is thus barred by judicial immunity. Bolin, 225 F.3d at 1239.

Accordingly, Defendant's motion to dismiss, dkt. no. 4, is **GRANTED**, and Plaintiff's complaint is **DISMISSED with prejudice**. Further, Plaintiff's motion to strike, motion for default judgment and motion for oral argument are **DENIED as moot**. Dkt. No. 6. The Clerk is **DIRECTED** to close this case.[1]

**SO ORDERED**, this 14th day of February, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court concludes that Plaintiff, proceeding *pro se*, is not entitled to amend her complaint because such an amendment would be futile. See Carter v. HSBC Mortg. Servs., Inc., 622 F. App'x 783, 787 (11th Cir. 2015).

5